**Petition for Writ of Mandamus Dismissed and Opinion filed October 6, 2020.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-20-00648-CV**

**IN RE AQUILA NORVELL, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-70099**

## OPINION

On September 21, 2020, relator Aquila Norvell filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Linda Marie Dunson, presiding judge of the 309th District Court of Harris County, to vacate her July 13, 2020 order appointing relator as the child's possessory conservator and appointing the child's great-grandmother as the child's sole managing conservator.

This is relator's fourth petition asking for the same relief. This court dismissed relator's first three petitions for failure to comply with the requirements of Texas Rule of Appellate Procedure.[1] Relator has not cured all deficiencies. Relator has not provided "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2).[2]

On the surface, one could question why the court does not simply reach the merits after relator has filed four petitions. But were this an appeal with no clerk's record, no one familiar with appellate procedure would question the court dismissing the appeal for want of prosecution if the appellant did not make satisfactory arrangements with the clerk to pay the fee for the clerk's record and was not entitled to appeal without paying the fee. *See* Tex. R. App. P. 35.3(a)(2), 37.3(b), 42.3(b).

This court has recently written in original proceedings arising out of a criminal case on the necessity of a proper record. *See In re Hughes*, Nos. 14-20-00442-CR, — S.W.3d —, 14-20-00443-CR & 14-20-00444-CR, 2020 WL 5049341, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2020, orig. proceeding). In *Hughes* this court identified the necessary procedural requirements as follows: (1) certifying that relator "has reviewed the petition and concluded that every factual statement in the

---

[1] *See In re Norvell*, No 14-20-00619-CV, 5522851, at *1 (Tex. App.—Houston [14th Dist.] Sept. 15, 2020, orig. proceeding) (mem. op.); *In re Norvell*, 14-20-00564-CV, 2020 WL 5189950, at *1 (Tex. App.—Houston [14th Dist.] Sept. 1, 2020, orig. proceeding) (mem. op.); *In re Norvell*, No. 14-20-00542-CV, 2020 WL 4689395, at *1 (Tex. App.—Houston [14th Dist.] Aug. 13, 2020, orig. proceeding) (mem. op.).

[2] Relator has an appeal from the July 13, 2020 order pending in this court in case number 14-20-00584-CV.

petition is supported by competent evidence included in the appendix or record"; (2) providing (a) "a sworn or certified copy of any order complained of, or any other document showing the matter complained of" and (b) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," *id.* (quoting Tex. R. App. P. 52.3(k)(1) (appendix); 52.7(a)(1))[3], and (3) providing "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter[s] complained." *Id.* (quoting Tex. R. App. P. 52.7(a)(2)). Absent extraordinary circumstances, we see no reason not to follow the same procedure in original proceedings that are civil in nature. Regardless of whether the case is brought to the court of appeals by an appeal or an original procedure, it is fundamental that the court have a proper record before reaching the merits.

Accordingly, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant.

---

[3] The legislature has provided an alternate method of meeting the requirement of sworn copies—an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001. An unsworn declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. *Id.* § 132.001(c).